Case MDL No. 2493 Document 101 Filed 04/02/14 Page 1 of 3

FILED
APR 03 2014
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                                                    MDL No. 2493

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, defendant Honeywell International, Inc. ("Honeywell") moves to vacate the Panel's order conditionally transferring the action listed on the attached Schedule A (*Mey*) to MDL No. 2493, and to sever the claims against it. Defendant Monitronics International, Inc. ("Monitronics") and plaintiffs oppose the motion. Defendant ISI Alarms NC, Inc. ("ISI") has not responded.

In support of its motion to vacate and sever, Honeywell contends principally that (1) the claims against Honeywell lack common questions of fact with the claims against Monitronics, (2) Honeywell is not involved in any other action, and (3) in any event, the procedurally advanced status of the litigation against Honeywell makes transfer inappropriate. We find these arguments unpersuasive. Plaintiffs allege that ISI attempted to sell both Honeywell products and Monitronics' alarm monitoring services to plaintiffs in the same telephone calls, and that both Honeywell and Monitronics are thus liable for the same calls. Although Honeywell disagrees with that characterization of the alleged calls, the transferee judge is in a better position than the Panel to resolve such factual disputes and determine the extent to which the claims against Honeywell can be coordinated with the overlapping claims against Monitronics.[1]

Honeywell's objection to transfer based on its involvement in only one action is not persuasive. The Panel considered similar objections in the initial transfer order, and determined that centralization would lead to the just and expeditious resolution of all actions, to the overall benefit

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] *See In re Data Gen. Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979) (describing the transferee judge as the "firsthand judicial observer," and stating: "[S]ection 1407 contemplates that the degree and manner of coordinated pretrial proceedings is left entirely to the discretion of the [transferee] judge."); *see also In re National Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("It is unclear at this juncture how closely related the claims against the Riddell defendants are to the claims against the NFL. It may be that the claims against the Riddell defendants are easily separable, but we are persuaded that the transferee judge is in the best position to determine whether those claims are sufficiently related to the NFL claims to remain in centralized proceedings.").

I hereby certify that the annexed instrument is a true and correct copy of the document filed in my office.
ATTEST: Cheryl Dean Riley
Clerk, U.S. District Court
Northern District of West Virginia
By: _____
Deputy Clerk

-2-

to the parties. *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, — F. Supp. 2d —, 2013 WL 6705167, at *2 (J.P.M.L. Dec. 16, 2013); *see also In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 6, 2012) ("while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole").

The Panel also concludes that the advanced stage of discovery on the claims against Honeywell does not warrant excluding the action from transfer. Honeywell acknowledges that discovery as to a newly added plaintiff remains to be conducted and dispositive motions have not yet been filed. As we noted in the initial transfer order, the transferee court can structure pretrial proceedings to account for any differences that may exist among the involved actions and suggest Section 1407 remand at an appropriate time.

After considering all argument of counsel, we find that the action shares questions of fact with actions in this litigation previously transferred to the Northern District of West Virginia and that transfer of this action to Northern District of West Virginia for inclusion in MDL No. 2493 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, the *Mey* action shares questions of fact concerning "Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording a consumer's consent to receive such calls." *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, — F. Supp. 2d —, 2013 WL 6705167, at *2 (J.P.M.L. Dec. 16, 2013). Judge Keeley may determine based on further development of the record that circumstances exist that counsel against incorporating the claims against Honeywell into the centralized proceedings. As transferee judge, she is in the best position to make such an assessment.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of West Virginia and, with the consent of that court, assigned to the Honorable Irene M. Keeley for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer        Sarah S. Vance
Ellen Segal Huvelle

IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION     MDL No. 2493

## SCHEDULE A

<u>Southern District of West Virginia</u>

MEY, ET AL. V. HONEYWELL INTERNATIONAL, INC., ET AL., C.A. No. 2:12-01721