IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE MONITRONICS INTERNATIONAL,
INC. TELEPHONE CONSUMER                                  MDL No. 1:13-MD-2493
PROTECTION ACT LITIGATION

This document relates to:

*Beavers v. Versatile Marketing Solutions, Inc.,*
Case No. 1:14-cv-64 (IMK)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Alliance Security, Inc. ("Alliance"), incorrectly identified as Versatile Marketing Solutions, Inc., and Jasit Gotra, collectively referred to herein as "Defendants," move to dismiss the claims against them in this civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure upon the following grounds:

1. Plaintiffs' complaint fails to establish a *prima facie* claim for relief against Alliance under the federal Telephone Consumer Protection Act ("TCPA");

2. Plaintiffs' complaint fails to establish a *prima facie* claim for relief under the West Virginia Consumer and Credit Protection Act ("WVCCPA") against Alliance;

3. Plaintiffs' complaint fails to establish a *prima facie* claim for relief against Mr. Gotra under the TCPA;

4. Plaintiffs' complaint fails to establish a *prima facie* claim for relief under the WVCCPA against Mr. Gotra;

5. Plaintiffs' complaint fails to allege the performance of any individual act of Jasit Gotra individually and has therefore failed to establish a *prima facie* claim for relief under the TCPA and/or the WVCCPA; and

6. Plaintiffs have failed to allege any fact that would justify disregarding corporate formalities to impose personal liability upon Mr. Gotra.

## STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation*." Papasan v. Allain*, 478 U.S. 265, 286 (1986). In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Anderson*, 508 F.3d at 188 (*quoting Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S.Page 12662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully*." Id.* A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555. Only factual allegations are entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678-79.

## DISCUSSION

Plaintiffs have not alleged any misconduct on the part of Jasit Gotra

Plaintiffs have not pleaded a colorable or remotely plausible cause of action against Mr. Gotra. In Paragraphs 1-6 of the Complaint, the Plaintiff purports to identify the parties to this Civil Action. Jasit Gotra is not included in the Plaintiffs' identification of parties. The entire complaint contains seven factual allegations, set forth in Paragraphs 20-26.[1] None of the allegations claim that Mr. Gotra did anything related to any of the factual allegations. More to the point, each of the allegations refer to "defendant" with no identification or suggestion of which Defendant is accused. Defendant, given its ordinary meaning, refers to a singular person or entity, not a collection of persons or entities as would be expected when making allegations against "Defendants."

Other than an allegation that "each Defendant is jointly and severally liable for the conduct alleged in this complaint" at Paragraph 8, there is no mention of any basis for this Court to hold Mr. Gotra potentially liable based upon the Complaint filed by the Plaintiffs in this Court. Although Jasit Gotra is named as a Defendant in the caption of this civil action and was personally served with a Complaint and Summons on April 14, 2014, there is not a single factual allegation against him in the Complaint. On this basis alone, the Complaint, on its face, fails to state a claim against Mr. Gotra.

TCPA claims

The entire complaint contains seven factual allegations, set forth in Paragraphs 20-26. The relevant allegations are that each Plaintiff had a cell phone; had no prior business relationship "with the Defendant", never gave the "Defendant" express consent to be called by

---

[1] The Plaintiffs' complaint contains two sets of paragraphs numbered 20-23. The reference in this contest is the first set of paragraphs numbered 20-23.

an automated telephone dialing system, "Defendant" repeatedly called and left voice messages on Plaintiffs' cell phone, and they asked "the Defendant" to stop calling their cell phone. There is also an allegation, though not relevant to their claims that the Defendant blocked telephone calls from the Plaintiffs.

Plaintiffs apparently allege violations of 27 USC 227(b)[2]. Complaint, Paragraph 13. The relevant portion of that provision provides:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) **to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**
>> (iii) **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

Part of the *prima facie* case that must be established as a predicate to liability is an allegation, and eventually proof, that each Plaintiff was charged for each call that it received. Plaintiffs do not allege that any of them were charged a fee or otherwise suffered any monetary losses because of the alleged calls to their cell phones. See Complaint, Factual Allegations, Paragraphs 20-26.

The Plaintiffs' Complaint does not state any claim upon which relief may be granted to any Plaintiff against any Defendant for violation of the TCPA and those claims should be dismissed.

<u>WVCCPA claims</u>

Plaintiff alleges that the WVCCPA incorporates "elements of the Uniform Consumer Credit Code, the National Consumer Act and other West Virginia statutes." Complaint at Paragraph 16. Plaintiffs further allege that the WVCCPA "addresses telemarketing solicitations,

---

[2] Plaintiffs did not identify this code provision in their pleading; rather they paraphrased and quoted from that Code provision in paragraph 13 of their Complaint.

among other consumer issues." Curiously, however, the Plaintiffs do not identify any provision of the Uniform Consumer Credit Code, the National Consumer Act or any other West Virginia statute allegedly violated by either Defendant. Plaintiffs' reference to telephone solicitations in Paragraph 16 is unavailing for the same reasons discussed above, not a single Plaintiff has alleged a *prima facie* claim for relief under the TCPA and therefore there can be no derivative violation of the WVCCPA without TCPA liability.

The only West Virginia statutory provision identified by the Plaintiffs is a remedy provision found at West Virginia Code §46A-6F-701. See Complaint, Paragraphs 3 and 4 of the Plaintiffs' prayer for relief. Plaintiffs are apparently seeking a remedy without making the slightest attempt to identify a statutory violation as a predicate for the remedy. To be fair, and in candor to the Court, West Virginia Code §46A-6F-701 provides remedies for violation of West Virginia Code §46A-6F-601.

Assuming that the Plaintiffs' §701 claim is sufficient to identify a §601 violation, the Plaintiffs allegations do not satisfy the pleadings for a *prima facie* claim under the statute. West Virginia Code §46A-6F-601. (Abusive acts or practices) provides:

> (a) It is an abusive telemarketing act or practice and a violation of this article for any telemarketer to engage in the following conduct:
>
> > (1) Threaten, intimidate or use profane or obscene language;
> > (2) Engage any person repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive or harassing;
> > (3) Initiate an outbound telephone call to a person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered;
> > (4) Engage in telemarketing to a person's residence at any time other than between eight a.m. and nine p.m. local time, Monday through Sunday, at the called person's location; or
> > (5) Engage in any other conduct which would be considered abusive to any reasonable consumer.

> (b) A telemarketer will not be liable for violating subdivision (3), subsection (a) of this section if:
>
>> (1) It has established and implemented written procedures to avoid outbound telephone calls to persons who have previously stated that they do not wish to receive such calls;
>> (2) It has trained its personnel in the procedures established pursuant to subdivision (1) of this subsection;
>> (3) The telemarketer has maintained and recorded lists of persons who have previously stated that they do not wish to receive such calls; and
>> (4) Any subsequent call is the result of error.

Plaintiffs do not allege that either Defendant satisfies the statutory definition of "telemarketer" under the West Virginia Code, although the Plaintiffs do allege that Alliance "initiated a telemarketing campaign on [sic] to sell security systems to Plaintiffs . . . ." Complaint, Preliminary Statement. The West Virginia statutory definition also contains an exclusion from the definition; "A telemarketer does not include a salesperson as defined in section one hundred fourteen of this article." West Virginia Code §46A-6F-113(d). West Virginia Code §§46A-6F-114 exempts a "telemarketer who, during the previous two years has continually been engaged in the business of telemarketing and who has not been convicted, or pled guilty or *nolo contendere* to racketeering, embezzlement, fraudulent conversion, misappropriation of property or any violations of state or federal securities laws, a theft offense, or any consumer protection law or telemarketing law."

Plaintiffs do not allege facts sufficient to make either Alliance or Mr. Gotra a telemarketer for purposes of the WVCCPA; to do so the Plaintiffs would have to at least allege, and eventually prove, that Mr. Gotra and/or Alliance has been "convicted, or pled guilty or *nolo contendere* to racketeering, embezzlement, fraudulent conversion, misappropriation of property or any violations of state or federal securities laws, a theft offense, or any consumer protection law or telemarketing law." Plaintiffs have failed to plead enough facts to state a claim to relief

6

that is plausible on its face." Plaintiffs' WVCCPA claims should therefore be dismissed for failure to state a claim against either Jasit Gotra or Alliance upon which this Court can provide any relief.

<u>Other miscellaneous reasons that the Complaint is deficient and fails to state a claim upon which relief can be granted</u>

- Plaintiffs filed their Complaint on April 8, 2014 but have not alleged that any one of them received any offending call within the relevant statute of limitations for either cause of action. Plaintiffs should, at a minimum, be required to provide approximate time frames for the calls which form the basis for their Complaint in order to establish that their claims are not time barred.

- Plaintiffs make no factual allegations upon which this Court can conclude that liability against either Defendant is facially plausible. The only relevant allegations, found at the first Paragraph 23 and in Paragraph 24, are that the Defendant, without identifying which Defendant, called their cell phones and left voice messages on their cell phones. Curiously, there is no allegation that the number shown on a caller ID indicated that either Defendant made the calls, that any call was traced to either Defendant, or that the message itself identified either Defendant as the source of the call.

- Plaintiffs have made a claim for actual damages. See Complaint, Preliminary Statement. Curiously, however, Plaintiffs do not allege any actual damages and there is no claim for actual damages in their prayer for relief.

7

## CONCLUSION

For the reasons discussed above, Defendants request that this Court grant their motion to dismiss the Plaintiffs' Complaint.

**ALLIANCE SECURITY, INC., and JASIT GOTRA**

**BY SPILMAN THOMAS & BATTLE, PLLC**

/s/ John R. Teare, Jr.
Niall A. Paul (WV Bar No. 5622)
John R. Teare, Jr. (WV Bar No. 5547)
300 Kanawha Boulevard, East (Zip 25301)
Charleston, WV 25321-0273
304-340-3800
npaul@spilmanlaw.com
jteare@spilmanlaw.com

Christina S. Terek (WV Bar No. 9724)
1217 Chapline Street
Wheeling, WV 26003
304-230-6962
cterek@spilmanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| IN RE MONITRONICS INTERNATIONAL, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION | MDL No. 1:13-MD-2493 |

This document relates to:

*Beavers v. Versatile Marketing Solutions, Inc.,*
**Case No. 1:14-cv-64 (IMK)**

### CERTIFICATE OF SERVICE

    I, John R. Teare, Jr., I hereby certify that on the 2nd day of May, 2014, I served the foregoing ***"Memorandum of Law in Support of Defendants' Motion to Dismiss"*** with the Clerk of this Court and upon all counsel of record using the Court's CM/ECF filing system, as follows:

### ALL PARTIES DESIGNATED TO RECEIVE NOTICE VIA ELECTRONIC FILING

                              /s/ John R. Teare, Jr.
                              John R. Teare, Jr. (WV Bar No. 5547)