IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE MONITRONICS INTERNATIONAL,
INC. TELEPHONE CONSUMER MDL                    No. 1:13-MD-2493
PROTECTION ACT LITIGATION

**This document relates to:**

*Beavers v. Versatile Marketing Solutions, Inc.*,
**Case No. 1:14-cv-64 (IMK)**

# [1]AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

## I. PRELIMINARY STATEMENT

In 1991, Congress enacted the Telephone Consumer Protection Act of 1991, or TCPA, to regulate telemarketing. Among other things, the TCPA prohibits telemarketers from calling cellular phones, using an autodialer and/or leaving re-recorded messages, without prior express consent.

Per the TCPA, businesses that place calls to prohibited cellular phones, as well as businesses on whose behalf the calls are made, are liable for violating the Act.

This action arises out of the facts and circumstances surrounding telemarketing calls made to the Plaintiffs' cellular phones. Here, Defendants Jasjit Gotra and Alliance Security Inc. converted from Versatile Marketing Solutions, Inc., (hereinafter "Defendants"), initiated a telemarketing campaign to sell security systems to Plaintiffs that they neither wanted nor needed,

---

[1] Pursuant to Fed. R. Civ P. 15(a)(1)(b), Plaintiffs wish to amend and replace the Complaint with this Amended Complaint to correct Scribner's and other errors.

and placed several calls and leaving voice mail messages in some instances to Plaintiffs' cellular phones using an autodialer without express consent. Defendant Jasit Gotra can be held liable under the law because, individuals acting on behalf of a corporation may be held personally liable for violations of 47 U.S.C. 227(d) if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." and, as a matter of public record, Defendant Jasit Gotra has been personally subject to Court orders and directives in similar cases[2].

Plaintiffs institute this action individually for statutory damages against the Defendants and the costs of this action against Defendants for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq, and the West Virginia Credit and Consumer Protection Act (hereinafter "WVCCPA") §46A-1-101 et seq.

## II. PARTIES

1. Plaintiff Allen Beavers is a natural person residing in Monongalia County, West Virginia.
2. Plaintiff Dakota Dalton is a natural person residing in Monongalia County, West Virginia.
3. Plaintiff Diane Elder is a natural person residing in Monongalia County, West Virginia.
4. Plaintiff Michelle Wakeley is a natural person residing in Monongalia County, West Virginia.
5. The afore mentioned Plaintiffs request to be joined in this one action, and state that joinder is proper pursuant to Fed. R. Civ P. 15.
6. Defendant Alliance Security Inc. is a Rhode Island corporation with a principal place of business at 60 Jefferson Park Road in West Warwick, Rhode Island.

---

[2] See U.S. v. Versatile Marketing Solutions Inc. et al., case number 1:14-cv-10612, in the U.S. District Court for the District of Massachusetts

7. Defendant Jasjit Gotra is the President of Alliance Security Inc. located in Warwick, Rhode Island.

8. At all relevant times, upon information and belief, Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or has derived substantial revenue from services provided in West Virginia.

9. Each Defendant is jointly and severally liable for the conduct alleged in this complaint.

### III. JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

11. Venue is this District is proper in that the Defendant transacts business here and the conduct underlying the complaint occurred in Monongalia County, West Virginia, which falls under the jurisdiction of the Northern District of West Virginia.

### IV. STATUTORY STRUCTURE TCPA

12. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

13. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.  See, 47 U.S.C. 227 (a)(1).

14. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

15. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions.

16. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. STATUTORY STRUCTURE WVCCPA

17. The West Virginia Consumer and Credit Protection Act ("WVCCPA") incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and other West Virginia statutes. *Cadillac v. Tuscarora Land Co.,* 412 S.E. 792, 794 (W. Va

1991). The WVCCPA addresses telemarketing solicitations, among other consumer issues.

18. Under the WVCCPA, it is unlawful for a telemarketer to initiate an outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered. See, §46A-6F-601(3).

19. Under the WVCCPA, it is unlawful for a telemarketer to engage any person repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing. §46A-6f-601(2).

20. Under the WVCCPA, a person or entity may bring:

> (D) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (E) an action to recover actual monetary loss from such a violation, and in addition, a right to recover from the violator a penalty in the amount of not less than $300 and not more than $3,000. §46A-6F-701(a),
>
> (F) in any action brought under this article where damages are awarded to a consumer, the court may adjust the damages to account for inflation from the first day of July, 1998. To the time of the award of damages, in an amount determined by the application of data from the consumer price index. Consumer price index means the last consumer price index for all consumers published by the United States department of labor. §46A-6F-701(e),
>
> (G) both such actions.

## V. FACTUAL ALLEGATIONS

21. Plaintiffs were each assigned a number by their cell phone providers.

22. Plaintiffs had no prior business relationship with Defendants.

23. Plaintiffs never gave Defendants express consent to be called with an ATDS.

24. Defendants called Plaintiffs repeatedly with an ATDS to the Plaintiffs' cell phones, beginning no later than February 2014.

25. Defendants repeatedly left voice messages on Plaintiffs' cell phones.

26. Defendants blocked calls from Plaintiffs.

27. Plaintiffs requested Defendants to stop calling Plaintiffs' cell phones in the manner provided by Defendants.

## VI. VIOLATIONS

28. Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the TCPA include, but are not limited to, the following:

29. The actions of the Defendants individually and collectively violated 47 U.S. Code § 227.

30. The actions of the Defendants individually and collectively violated sections of West Virginia Code 46A.

31. By the Defendants calling the Plaintiffs' cell phones without express consent with an ATDS the Defendant violated the TCPA.

32. Defendants refused to provide mandatory disclosures, including the identity of the telemarketer.

33. Defendants have engaged in abusive acts or practices by engaging Plaintiffs repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive or harassing; and by initiate outbound telephone calls to a Plaintiffs after Plaintiffs

previously stated that he or she did not wish to receive an outbound telephone call made by or on behalf of Defendants.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

34. Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

35. Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

36. Statutory damages pursuant to WVCCPA §46A-6F-701(a);

37. Statutory damages pursuant to WVCCPA §46A-6F-701(e);

38. Actual damages;

39. Fair and reasonable costs of this action and court costs;

40. Injunctive relief;

41. Such other and further relief that the Court deems just and proper.

I hereby swear and affirm upon information and belief that the factual statements set forth above are true and correct under penalty of perjury.

**Allen Beavers, Dakota Dalton, Diane Elder, Michelle Wakeley**
**By Counsel**

/s/ Charles R. Pinkerton _____
Charles R. Pinkerton (WV Bar No. 12249)
Compton & Associates, PLLC
1101 Mountainview Manor
Morgantown, WV 26501
Tel-304-291-6656
Fax-304-291-6657

**CERTIFICATE OF SERVICE**

I, Charles R. Pinkerton, hereby certify that on the 7th day of May, 2014, I served the foregoing "Corrected Complaint" with the Clerk of this Court and upon all counsel of record using the Court's CM/ECF filing system, as follows:

ALL PARTIES DESIGNATED
TO RECEIVE NOTICE VIA
ELECTRONIC FILING

__/s/ Charles R. Pinkerton_____
Charles R. Pinkerton (WV Bar No. 12249)
Compton & Associates, PLLC
1101 Mountainview Manor
Morgantown, WV 26501
Tel-304-291-6656
Fax-304-291-6657