IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: MONITRONICS
INTERNATIONAL, INC.,
TELEPHONE CONSUMER
PROTECTION ACT LITIGATION

MDL No. 1:13-md-2493

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

THIS DOCUMENT RELATES TO ALL CASES

CORRECTED ORDER DENYING MOTION TO QUASH (DE 111)
AND MOTION FOR PROTECTIVE ORDER (DE 112)

I.
Procedural History

By Order dated June 29, 2014, the Court decided two pending motions filed in MDL 1:13 MD-2493 bearing DE Numbers 111 and 112. It has come to the Court's attention that in the Procedural Portion of that order, the Court (the undersigned Magistrate Judge) **INCORRECTLY** referred to the MDL case as having been certified as a nationwide class action. That reference is **ERRONEOUS. THE WITHIN MDL IS NOT NOW AND HAS NOT BEEN PREVIOUSLY CERTIFIED AS A NATIONWIDE CLASS ACTION.**

Accordingly, the Court now enters this order *nunc pro tunc* clarifying and correcting the prior order.

On May 18, 2011, Plaintiffs filed a Complaint in the Circuit Court of Ohio County, West Virginia, alleging violations by Defendants of the Telephone Consumer Protection Act ('TCPA"), 47 U.S.C. Sections 1331, 1332, 1441, 1446, and 1453 and implementing regulations adopted by the Federal Communications Commission ("FCC"). The case was removed to this Court by Defendants on June 24, 2011. The case is now part of an MDL case.

On March 19, 2014 co-lead counsel for Plaintiffs served a subpoena duces tecum on Power Home Technologies (PHT) (DE 56). PHT filed its Motion To Quash (DE 111) on May 14, 2014 and its Motion For Protective Order (DE 112) on the same date. Plaintiffs' filed their Memorandum in Opposition to PHT's motions on June 2, 2014 (DE 127). Subsequent to the filing the motions, the District Judge referred DE 111 and DE 112 to the undersigned (DE 115) pursuant to 28 USC §636(b)(1)(A).

## II.
## Contentions of the Parties

PHT contends:

1) "The requests, ..., require disclosure of privileged or other protected matter without making provision for any exception or waiver" (DE 111).

2) The requests "subject the Responding Party to undue burden based on the fact that the time period for responsive documents is longer than any identifiable statute of limitations and the Requesting Party has provided no rational basis between the time frame requested and the alleged activities of PHT." (DE 111.)

   A. "...[H]as failed to take any steps, reasonable or otherwise, to avoid imposing an undue or unnecessary burden or expense on PHT in the production of the responsive documents." (DE 112, p. 1.)

   B. "...[R]esponses to the request could include communication from counsel, which is protected by the attorney-client privileges, and documents which are subject to confidentiality provisions." (DE 112, p. 2-2, pp. 11, 13, 17, and 18.)

Plaintiffs contend:

1)  Motions should be dismissed because PHT failed to meet and confer prior to filing the same.

2)  PHT filed the motion in the wrong court.

3)  PHT's objections are "stereotyped and conclusory statements and not "'a particular and specific demonstration of fact' as to why a protective order should issue."

4)  The temporal challenge to the production requests fails because the Court previously entered an order in the case finding May 18, 2007 not over broad.

5)  PHT failed to file a privilege log.

6)  PHT's claim of confidentiality is mooted by the Court's previously entered protective order (DE 27).

### III. Discussion

A.  <u>Meet and Confer</u>

LRCivP 26.01 (d) provides: "The judicial officer **shall** not consider any discovery motion under this Rule unless it is accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach agreement with counsel or unrepresented parties opposing the further discovery sought by the motion."

LRCivP 26.04 (b) provides: "Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent.  It shall be the responsibility of counsel for the moving party to arrange for the meeting."

PHT did not certify that a good faith meet and confer was conducted or attempted.  According to Plaintiffs' counsel, PHT requested extensions of the production date, "but made no

effort to work with Plaintiffs' counsel to narrow the requests to avoid any claimed burden. Instead, Power Home filed duplicative motions to quash ... and for protective order...." (DE 288, p. 1-2.)

B.    <u>Wrong Court</u>

FRCivP 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena ...."

FRCivP 45(f) provides definition to (d)(3). It provides: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances...."

Plaintiffs filed Notice of Intent to Serve Subpoena (DE 36) on March 5, 2014. Plaintiffs listed PHT of Cornelius, NC as one of three entities to receive subpoenas. The subpoena (Exhibit A to DE 36) required PHT to produce the documents "directly to the undersigned."[1] The issuing court was the United States District Court for the Northern District of West Virginia. Compliance is required within North Carolina as that is where the party, PHT, is located. PHT has not requested a court in North Carolina to transfer the motions to quash or for protective order to the Northern District of West Virginia. No representation has been made that PHT has consented to the matter being handled in the Northern District of West Virginia. No exceptional circumstances are found.

By rule, PHT's motions are in the wrong court.

C.    <u>Claims Of Privilege</u>

LRCivP 26.04 (a)(2) provides:
(i)    Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including , but not limited to, a deposition, and an answer is not provided on the basis of such assertion:
    (A)    The attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the

---

[1] Jonathan R. Marshall )WVSB#10580), Bailey & Glasser, LLP, 209 Capitol Street, Charleston, WV 25301, jmarshall@baileyglasser.com, 304-345-6555.

            privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted: and

    (B)    The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

        (1)    For Documents:
- (a) the type of document, e.g., letter or memorandum;
- (b) the general subject matter of the document;
- (c) the date of the document; and
- (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

        (2)    For oral communications:
- (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;
- (b) the date and place of communication; and
- (c) the general subject matter of the communication.

(iii) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.

In the instant case PHT did not supply a privilege log for that claimed privileged or confidential. Accordingly, the Plaintiffs and the Court have no information for use in determining whether the claim of privilege or confidence is reasonable or substantial.

Notwithstanding that PHT's motions are procedurally defaulted as noted above, the Court will address the substantive issues raised.

    C.    <u>Objections</u>

(1)    Temporal Scope

In both motions PHT argues "the requests, as written, subject the Responding Party to undue burden based on the fact that the time period for responsive documents is longer than any identifiable statute of limitations and the Requesting Party has provided no rational basis between the time frame requested and the alleged activities of PHT." (DE 281, p. 1(B) and DE 282, p. 1(A)).

This court previously found the statute of limitations for claims under the TCPA is four years. <u>See</u> <u>Pasco v. Protus IP Solutions, Inc.</u>, 826 F. Supp. 2d 825, 842 (D. Md. 2011) (citing 28 U.S.C. § 1658(a)) (federal "catch-all" limitations statute providing that an "action may not be commenced later than four years after the cause of action accrues"); <u>see also</u> <u>Donaca v. DISH Network, L.L.C.</u>, Civ. No. 11-cv-02910-RBJ, 2012 WL 3590765, at *1 (D. Colo. Aug. 20, 2012) (noting that the limitations period for TCPA claims is four years).

Accordingly, the request for information from January 1, 2009 is not unreasonable given the underlying cases were transferred to the MDL December 13, 2013.

(2)    Undue Burden or Expense

Rule 45 does not speak to irrelevance or overbreadth as a basis for quashing a subpoena. However, the scope of discovery permitted under a subpoena is the same as the scope of discovery permitted under FRCivP 26.

"Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26." <u>Cook v. Howard</u>, No. 11-1601, 2012 WL 3634451, at 6, (4th Cir. 2012)(per curiam.). *see also* <u>Barrington v. Mortgage IT, Inc.</u>n No. 07-6134-CIV, 2007 WL 4370647, at 3 (S.D.Fla. 2007) (Collecting cases).

Accordingly, the subpoena duces tecum is reviewed under the relevancy standards set forth in Rule 26(b).

Rule 26(b) in pertinent part provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* at 26(b)(2)(C). As such, the court may quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *In re Subpoena Duces Tecum to AOL, LLC,* 550 F.Supp.2d 606, 612 (E.D.Va.2008); *see also Sirpal v. Wang,* No. WDQ–12–0365, 2012 WL 2880565, at *5 (D.Md. July 12, 2012). Further, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed.R.Civ.P. 26(c)(1). Likewise, Rule 45(c)(3) requires the court to quash a subpoena that "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3); *see also Cook,* 2012 WL 3634451, at *6 n. 7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Cook,* 2012 WL 3634451, at *6 n. 7. Moreover, "[a] subpoena imposes an undue burden on a party

when [it] is overbroad." *In re Subpoena Duces Tecum.,* 550 F.Supp.2d at 612. Additionally, the burden of proof is with the party objecting to the discovery to establish that the challenged production should no be permitted." HDSherer LLC v. Natural Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013).

In the instant case Defendant PHT simply states "[t]he party responsible for issuing and serving a subpoena failed to take reasonable steps to avoid imposing undue burden or expense on PHT in the production of any responsive documents." (DE 282, p. 2, pp. 10.) PHT does not identify any burden and does not itemize any expense. When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome. *Vaughan Furniture Co. v. Featureline Mfg., Inc.,* 156 F.R.D. 123, 125 (M.D.N.C.1994).

As in *In re Letters Rogatory*, 144 F.R.D. 272, 278 (E.D.Pa. 1992), PHT, with respect to its burdensomeness claim, did not support its objection or motion with any showing, such as through affidavits, which sets out in detail the expenses which would be involved, as it was required to do.

(3) Privilege and Confidentiality

As previously noted, PHT did not supply a privilege log as required by LRCivP 26.04 (a)(2).

IV.
Decision

For the foregoing reasons, PHT"S Motion To Quash (DE 111) and Motion For Protective Order (DE 112) are **DENIED** and the clerk of this court is directed:

1) to remove said motions from the docket of motions actively pending before this court and

2) to provide a NEF to counsel for each of the parties of record.

It is so **ORDERED**.

Dated: August 1, 2014
*nunc pro tunc* June 19, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE