*Proposed Complaint*

United States District Multi-District Litigation
Northern District of West Virginia

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)       v.                              CIVIL ACTION NO. MDL 2493
)
)                                       1:14 CV 169
) Alliance Security, Monitronics, 2 Gig Technology
) Jasjit aka Jay Gotra, UTC Fire and America's Corporation,
)  Secure 1 Systems, Mike Mavarro
)       1-10
)  Defendants.

## Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Dallas County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Alliance Security is an alarm system dealer operating from 60 Jefferson Park Road in Warwick RI, 02888 .

3. Jasjit Gotra is the CEO and main individual responsible for the marketing calls made by or on behalf of Alliance Security Inc. Mr. Gotra can be served at the same address as Alliance Security.

4. Monitronics International Inc., is an alarm monitoring service company that is liable for calls placed on their behalf to market their alarm monitoring services and is operating from PO box 814530, Dallas, Tx 75381-4530. They can be served via registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

1

5. UTC Fire and America's corporation is an alarm manufacturing company that is a Delaware corporation operating from 8100 SW Nyberg st # 350, Tualatin, Or 97062. They can be served via registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

6. 2 Gig Technology, Inc. is the manufacturer for the alarm systems and is liable for calls placed on their behalf and is operating from 2961 Maple Loop Dr, Lehi, UT 84043. They can be served at Corporation Service Company, 2711 Centerville, Rd., Ste 400 Wilmington, DE 19808.

7. Secure 1 Inc., DBA Secure 1 Systems is a California corporation and a dealer for alarm systems that called the Plaintiff soliciting the products of UTC and services of Monitronics. They can be served via registered agent Christopher thomas 2440 N. Fremont #208, Monterey, CA 93940 and are operating from 1799 Cowan Irvine, CA 92614.

8. Mike Mavarro is the president of Secure 1 Inc., and is personally responsible for the calls placed on behalf of Secure 1 Inc., He can be served at 2440 N. Fremont # 208, Monterey, CA 93940.

## Jurisdiction

9. Jurisdiction of this court arises as the acts happened and the contract was breached in this county.

10. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

11. From 2012 and 2014, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone and home phone which informed the Plaintiff to that according to the FBI, home breakins are on the rise and that he was being offered a free alarm system. These calls were later discovered to be made by Alliance Security and Secure 1 inc as alarm system dealers.

12. The Plaintiff is not in need of a home alarm system. The Plaintiff did not solicit anyone to call his cell phone for assistance in obtaining a home alarm system. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system.

13. These phone calls violated the TCPA in two ways, first by having a pre-recorded message that failed to have the mandated identification information and the do not call list subsection, 47 USC 227(c) as implemented in 47 CFR 64.1200(d), and second by the automated nature of them and by containing pre-recorded messages which violated 47 usc 227(b) The Plaintiff received multiple phone calls day after day, and sometimes twice in the same day.

14. Alliance Security has made so many offending phone calls, they were the target of a recent enforcement action by the FTC where they were accused of making over 2 million illegal phone calls including calls to individuals on the do not call list.

The FTC levied a $3.4 million dollar fine against them as a result of their illegal actions in 2014.[1]

15. Despite being painfully aware their actions were illegal after being relieved of $300,000 cash from the FTC and a court injunction against future illegal telemarketing behavior, the company still continues to make illegal telephone calls and and has not altered their behavior.

16. In direct violation of their 2014 agreement with the Federal Trade Commission, Defendant Alliance continues to make illegal telemarketing calls. Even after the filing of this lawsuit, Defendant Alliance continued to place calls to the Plaintiff, including on the very same phone number listed on this lawsuit.

17. In making these calls, Alliance and Secure 1 Inc. were essentially marketing the products manufactured by 2 gig technology and GE security as well as monitoring services offered by Monitronics through their dealer relationship with both companies.

18. The 6th circuit as well as multiple other courts have ruled that there is direct liability to include for corporate actors such as executives like Jasjit Gotra and Mike Mavarro who are the driving force for these illegal telemarketing calls and actively participated in and enabling and these violations to occur. Additionally, vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

---

[1] See Stipulated final order for permanent injunction and civil penalty judgment dated 3/10/2014 in the US District court of Massachusetts, case 1:14-cv-10612

4

19. Alliance security made millions of phone calls based on leads bought by lead generation services and continues to make the illegal phone calls despite knowing that the leads are questionable at best and the individuals being calls have not given express or implied consent to be called with an automated telephone dialing system or pre-recorded messages.

20. The Plaintiff was one of the consumers called multiple times on multiple phone numbers over the years. The Plaintiff has been called at least 30 times by the defendants or agents thereof. No signed agreement exists from the Plaintiff which would grant permission to place these calls by the defendants.

21. 2 gig technology was a knowing accessory to the actions of Defendant Alliance and their entire frequently asked questions page is devoted to telemarketing telephone calls, how they don't sell directly to consumers and how they and responses to consumers who have received calls about their products: http://www.2gig.com/contact/faqs

### Vicarious liability of the manufacturers and service providers

22. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Monitronics, UTC, and 2 Gig. These companies knew of the illegal conduct by Alliance security and their improper telemarketing, and still refused to exercise control or authority over Alliance Security to reduce or eliminate the improper sales methods.

23. The telemarketing calls were placed on behalf of and with full knowlege of UTC, Monitronics, and 2 Gig technology. These companies permitted the dealers to use their trade names, trademarks, and gave access to their customer service databases

and pricing information. There are formal, contractual agreements between the parties for sales and distributions of their products and services through the alarm dealers Alliance Security and Secure 1.

24. Monitronics, 2 Gig, and GE were mentioned by name by the agents of Alliance and Secure 1 inc. Apparently, the companies cooked up a scheme to use fly by night "lead generators" that most likely just used bots to crawl the internet and start compiling a list of targets for pre-recorded and automated calls. They then use these lists to make unsolicited calls to consumers and to continually place illegal telemarketing calls selling the products of GE and 2 gig technology and services of Monitronics.

25. UTC and 2 Gig technology (the manufacturers) and Monitronics are liable for the calls placed as the calls were placed on behalf of, and for the benefit of the above named parties. Each of the above named parties authorizes dealers to place calls under their individual apparent and actual authority and each of the above named entities ratified the conduct of Alliance and Secure 1 Inc (The dealers). None of the above named entities sells directly to the public, but rather signed contracts for distribution and authorized dealers, of which Secure 1 Inc. and Alliance Security are. The agreements between the dealers and manufactures and Monitronics are dictated by the terms from the manufacturers and Monitronics.

26. All of the manufacturers and Monitronics have known for years that their authorized dealers, specifically Alliance Security and Secure 1 Systems have been the source of numerous complaints from government agencies and consumers. Despite Alliance getting sued in multiple class actions across the country and

6

having the FTC hammer them with a multi-million dollar fine for making over 2 Million illegal calls, The manufacturers and Monitronics continued to do business with Alliance and Secure 1 Inc. Monitronics celebrates and rewards companies that make illegal telemarketing calls for their efforts giving in 2009 Alliance Security a top sales award, in 2010 dealer of the year, and in 2011, a trip to the super bowl. This conduct by Monitronics serves as ratification of the illegal conduct by Alliance.

27. 2 Gig technology's entire FAQ on their website deals with telemarketing, calls about 2 Gig products, and how to complaint to 2 Gig about unwanted telemarketing calls. Clearly, the main question consumers have relates to illegal telemarketing by 2 Gig and how to stop it as opposed to their products, so 2 Gig is obviously aware of the actions of their authorized distributors and states" 2 Gig is a manufacturer that sells home security products only to authorized distribution channels"

28. Even after getting sued by the Plaintiff, both defendants continued to place call after call to the number on the bottom of this complaint in 2014. Even after being issued a court order to stop making illegal calls, the defendants continued in outright defiance of a Federal Judge in 2014. Even after class action after class action has been filed against them alleging similar complaints of improper conduct, the calls continued to the Plaintiff in 2014.

29. These fact support the corporate wide policy of each respective company for wholesale disregard of the TCPA and in fact provides financial incentives for

breaking the law. Until the financial pain of violating the law exceeds the benefit of doing so, their illegal conduct will continue.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

30. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. 47 USC 227(c) as implemented in 47 CFR 64.1200(d),

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

32. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell

phone. These phone calls also violated the TCPA by having an pre-recorded message, 47 USC 227 (b)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $1,000,000

E. Attorney's fees for bringing this action should the need arise to engage an attorney's services; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977
November 19th, 2014

9