IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

IN RE MONITRONICS INTERNATIONAL,
INC. TELEPHONE CONSUMER      MDL No. 1:13-MD-2493
PROTECTION ACT LITIGATION

This document relates to:

*Cunningham v. Alliance Security, et al.*
Case No. 1:14-cv-00169-IMK

### ANSWER, DEFENSES AND JURY DEMAND OF MONITRONICS INTERNATIONAL, INC., TO PLAINTIFF'S AMENDED COMPLAINT

Now comes defendant, Monitronics International, Inc. ("Monitronics") and makes its Answer, Defenses and Jury Demand to the Plaintiff's Amended Complaint ("Complaint").

### ANSWER

In response to the numbered allegations of the Complaint, Monitronics states as follows:

### RESPONSE TO "NATURE OF THE CASE"

1.    Monitronics admits that the Plaintiff named in the case is Craig Cunningham, a natural person, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1.

2.    Upon information and belief, Monitronics admits that Alliance Security, Inc. (incorrectly denominated in the Complaint as Alliance Security), is an alarm system dealer with offices in Rhode Island. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2.

3. Upon information and belief, Monitronics admits that Jasjit Gotra is the CEO of Alliance Security, Inc. The remainder of Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3.

4. Monitronics admits that it is a Texas corporation, that it provides alarm monitoring services, and that it has a registered agent for service of process. Monitronics denies each and every remaining allegation contained in Paragraph 4 to the extent directed to it,

5. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.

6. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.

7. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 except denies that Secure 1 Inc. placed any calls to Plaintiff soliciting the services of Monitronics.

8. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

### RESPONSE TO "JURISDICTION"

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies that personal jurisdiction exists over it in the forum in which the original complaint was filed.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies that venue over it was appropriate in the Court in which the original complaint was filed.

## RESPONSE TO "FACTUAL ALLEGATIONS"

11. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 except denies that it placed any calls to the Plaintiff as implied in Paragraph 12.

13. Paragraph 13 purports to state legal conclusions to which no response is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 13 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13.

14. Paragraph 14 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 14 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 except admits that Monitronics is aware that Alliance Security, Inc., was involved in litigation with the FTC that has concluded.

15. Paragraph 15 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics

denies each and every allegation contained in Paragraph 15 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 except admits that Monitronics is aware that Alliance Security, Inc., was involved in litigation with the FTC that has concluded.

16. Paragraph 16 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 16 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 except admits that Monitronics is aware that Alliance Security, Inc., was involved in litigation with the FTC that has concluded.

17. Monitronics admits that Alliance Security, Inc., is an authorized dealer, denies the remaining allegations contained in Paragraph 17 to the extent applicable to it, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17.

18. Paragraph 18 purports to state legal conclusions to which no response is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 18 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18.

19. Paragraph 19 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics

denies each and every allegation contained in Paragraph 19 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19.

20. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 except denies that it placed any calls to the Plaintiff as implied in Paragraph 20.

21. Paragraph 21 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 21 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21.

## RESPONSE TO "VICARIOUS LIABILTY OF THE MANUFACTURERS AND SERVICE PROVIDERS"

22. Monitronics denies each and every allegation contained in Paragraph 22 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22.

23. Monitronics denies each and every allegation contained in Paragraph 23 to the extent applicable to it except admits that it has written agreements with its authorized dealers which, among other things, require compliance with all applicable laws including telemarketing laws and respectfully directs the Court to those agreements for their full terms and conditions. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 23.

24. Monitronics denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 except denies that it

placed any calls to the Plaintiff as implied in Paragraph 24 or that its services were being sold on any of the calls alleged to have been placed to the Plaintiff.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics admits that it does not sell to the public and that contracts for alarm monitoring services entered into by its authorized dealers are between the dealers and their customers. Monitronics denies each and every remaining allegation contained in Paragraph 25 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25.

26. Monitronics admits that Alliance Security, Inc., is an authorized dealer and admits that it has from time to time given sales awards to Alliance Security, Inc., or its predecessor company. Monitronics denies each and every remaining allegation contained in Paragraph 26 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26.

27. Paragraph 27 is directed to a party other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 27 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27.

28. Paragraph 28 is directed to parties other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 28 to the extent applicable to it

and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28.

29. Paragraph 29 is directed to parties other than Monitronics such that no response by it is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 29 to the extent applicable to it and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29.

### RESPONSE TO "CAUSES OF ACTION:   COUNT I VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)"

30. Monitronics incorporates by reference its responses to the allegations contained in Paragraphs 1 – 29.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 31 to the extent directed to it and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

### RESPONSE TO "CAUSES OF ACTION:   COUNT II VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)"

32. Monitronics incorporates by reference its responses to the allegations contained in Paragraphs 1 – 31.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 33 to the extent directed to it and denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

### RESPONSE TO THE "PRAYER FOR DAMAGES AND RELIEFS"

The unnumbered portion of the Complaint beginning with the word, "Wherefore" (including subparagraphs A. through G. therein), does not contain any allegations and therefore no responsive pleading is required. Should a response be deemed necessary, Monitronics denies each and every allegation in the "PRAYER FOR DAMAGES AND RELIEFS" (including paragraphs A. through G. therein) to the extent applicable to it, except admits only that Plaintiff purports to demand judgment and certain forms of relief, but denies that there is any legal or factual basis for awarding the requested relief.

Monitronics denies each and every allegation contained in the Complaint not specifically and expressly admitted above.

### DEFENSES

1. The calls about which Plaintiff complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Monitronics for such calls would violate its First Amendment rights.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff is not entitled to seek or recover punitive damages under the Telephone Consumer Protection Act.

4. Plaintiff is not entitled to seek or recover attorneys fees under the Telephone Consumer Protection Act.

5. The statutory damages sought by Plaintiff exceed the amount recoverable under the Telephone Consumer Protection Act.

6. Monitronics asserts the defense of the running of the applicable statute of limitations.

7. Plaintiff has "unclean hands" and is equitably barred from this action.

8. Plaintiff, by his acts and conduct, has waived any and all claims he has against Monitronics.

9. Plaintiff lacks standing to assert the claims alleged in the Complaint.

10. Plaintiff's claims are barred because Monitronics did not engage in willful and/or knowing misconduct.

11. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

12. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

13. Monitronics denies making any calls in violation of the Telephone Consumer Protection Act.

14. Monitronics further asserts, to the extent applicable, that the calls of which Plaintiff complains were invited, expressly consented to, and/or made pursuant to an established business relationship.

15. Monitronics' practices and procedures reasonably and effectively prevent telephone solicitations. Monitronics further reserves to itself all other defenses available to it under the Telephone Consumer Protection Act.

16. Monitronics denies that the calls of which Plaintiff complains were made on "its behalf," "for its benefit," or that it can otherwise be liable for such calls.

17. No telemarketing call about which Plaintiff complains was placed with or under the actual or apparent authority of Monitronics, nor did Monitronics ratify the conduct of any person or entity which placed such a call.

18. The imposition of statutory damages in this action, unrelated to any actual harm caused by the conduct alleged in the Complaint, would violate Monitronics' state and federal constitutional rights, including its rights to procedural and substantive due process.

19. Plaintiff's claims are barred in whole or in part by the acts and/or omissions of one or more third parties over which Monitronics had no control.

20. To the extent Monitronics is liable to Plaintiff, Monitronics is entitled to indemnification from one or more parties or third parties.

21. Monitronics asserts the defense of failure to join indispensable parties.

22. Monitronics lacks sufficient knowledge of all facts and evidence surrounding this incident and is, therefore, unable to ascertain at this time any additional defenses which Monitronics may have. Therefore, Monitronics expressly reserves the right to amend this Answer to assert such other defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

### PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiff's Complaint, Monitronics prays that this Court dismiss this suit with prejudice and grant such other relief as it deems just and proper.

### JURY DEMAND

Monitronics demands a trial by jury on all issues so triable.

MONITRONICS INTERNATIONAL, INC.

BY: _____
    One of its attorneys

Jeffrey A. Holmstrand (#4893)
Flaherty Sensabaugh Bonasso PLLC
1225 Market Street
Wheeling, WV 26003
(304) 230-6600


Meryl C. Maneker (*admitted pro hac vice in this MDL*)
Wilson Turner Kosmo LLP
550 West C Street Suite 1050
San Diego California 92101
619-236-9600
mmaneker@wilsonturnerkosmo.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

IN RE MONITRONICS INTERNATIONAL,
INC. TELEPHONE CONSUMER
PROTECTION ACT LITIGATION

MDL No. 1:13-MD-2493

This Document Relates To:
*Cunningham v. Alliance Security, et al.*
1:14-cv-169

## CERTIFICATE OF SERVICE

Service of Answer, Defenses and Jury Demand of Monitronics International, Inc., to Plaintiff's Amended Complaint was had upon the following via the CM/ECF system this 21st day of January, 2015:

Gordon H. Copland
STEPTOE & JOHNSON, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330

John R. Teare, Jr.
SPILMAN THOMAS & BATTLE PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301

Jonathan R. Marshall
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301

Service of Answer, Defenses and Jury Demand of Monitronics International, Inc., to Plaintiff's Amended Complaint was had upon the following by sending a true copy thereof by regular mail, postage prepaid, at their last known address this 21st day of January, 2015, as follows:

Craig Cunningham, *Pro Se*
5543 Edmondson Pike, Suite 248
Nashville, TN  37211

MONITRONICS INTERNATIONAL, INC.

By: _____
One of its attorneys

Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
(304) 230-6600

Meryl C. Maneker (*admitted pro hac vice*)
WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, CA 92101
(619) 236-9600