IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**IN RE: MONITRONICS
INTERNATIONAL, INC.,
TELEPHONE CONSUMER
PROTECTION ACT LITIGATION**

**MDL NO. 1:13-MD-2493
(BAILEY)**

--------------------------------------

**THIS DOCUMENT RELATES TO ALL CASES**

### ORDER DENYING MOTION FOR SANCTIONS

Pending before this Court is a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, filed by Class Member Catherine Smith [Doc. 1192]. In the Motion, the movant seeks an order that plaintiffs' counsel Jonathan R. Marshall and Beth E. Terrell, and their respective firms be sanctioned $1,500, to be paid to the Court, publicly admonished, and advised not to repeat the violation described in the memorandum of law filed in support of this motion.

In her memorandum, Ms. Smith identifies the following statement as being sanctionable:

> Ms. Smith's counsel, John W. Davis, asserts that his objection "should be afforded greater weight" due to his "experience" as an objector. See Dkt. No. 57 at 23. At least one court has disagreed, finding Mr. Davis "aptly" characterized as a "professional" objector who "threaten[s] to delay resolution of class action cases unless [he] receive[s] extra compensation." *See* **Muransky v. Godiva**, No. 15-60716, Dkt. No. 85 at 5 (S.D. Fla. Sept. 16, 2016), report and recommendation adopted by No. 15-60716 (S.D. Fla. Sept. 28, 2016). [Doc. 1179 at 21].

Ms. Smith argues that there is no such court finding regarding Mr. Davis. Yet, in ***Muransky v. Godiva Chocolatier, Inc.***, Magistrate Judge Lurana S. Snow, writing for the Southern District of Florida, included the following in her Report and Recommendation entered September 16, 2016:

> In addition, the Plaintiff aptly characterizes Mr. Price, Mr. McDonald, Mr. Isaacson and Mr. Davis as "professional objectors" who threaten to delay resolution of class action cases unless they receive extra compensation.

***Muransky v. Godiva Chocolatier, Inc.***, Case No.15-60716-CIV, Doc. 85.

There can be no doubt that the United States Magistrate Court for the Southern District of Florida, which is after all "a court," made the finding that is quoted by plaintiffs' counsel. The fact that the Magistrate Court is not a District Court is immaterial.

The Motion **[Doc. 1192]** is **DENIED**. In addition due to the baseless attack on plaintiffs' counsel, the Movant shall have 14 days to show cause why the filing of the baseless motion has not violated Rule 11(b).

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 25, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE