**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

IN RE: MONITRONICS INTERNATIONAL,
INC., TELEPHONE CONSUMER
PROTECTION ACT LITIGATION

No. 1:13-md-02493-JPB-MJA

THIS DOCUMENT RELATES TO:

    ALL CASES

## FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs' motion for final approval of a proposed

class action settlement of the above-captioned action (the "Action") between Jason Bennett,

Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey ("Plaintiffs"),

individually and on behalf of the class defined below (the "Settlement Class"), and Monitronics

International, Inc. ("Monitronics") (Plaintiffs and Monitronics are collectively referred to as the

"Parties"), pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the

"Settlement Agreement"). The Court has considered Plaintiffs' Motion for Final Approval (Dkt.

No. 1177) and attached exhibits (Dkt. Nos. 1177-1 –1177-8); the Memorandum in Support of

Plaintiffs' Motion (Dkt. No. 1178); Plaintiffs' Motion for Fees and Costs (Dkt. No. 1140) and

attached exhibits (Dkt. Nos. 1140-1 – 1140-5); Statement of Objections by Holly Latimore (Dkt.

No. 1150); Class Member Meloy's Notice of Objection to Attorney Fees (Dkt. No. 1152);

Objection to Proposed Settlement by Catherine Smith (Dkt. No. 1154) and attached declaration

(Dkt. No. 1154-1); Objection to Settlement by Myrdis Foster (Dkt. No. 1156); Plaintiffs'

Memorandum in Response to Objections (Dkt. No. 1179); Monitronics' Response to Objection

of Catherine Smith (Dkt. No. 1180); Notice of Erratum Correcting Misstatement of Fact (Dkt.

No. 1182); Declaration of John W. Davis (Dkt. No. 1183); Plaintiffs' Supplemental Memorandum in Response to Objections to Settlement (Dkt. No. 1184); and additional financial information regarding Monitronics that was offered at the final approval hearing. Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1.      Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated September 18, 2017, (Dkt. No. 1115), and the Amended Order Granting Granting Preliminary Approval dated September 28, 2017, (Dkt. No. 1122) ("Preliminary Approval Order"), and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court held a hearing on April 5, 2018, at which time the parties and objecting Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Objector Smith appeared at the hearing through her counsel.

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court makes the following findings of fact and conclusions of law regarding the fairness and adequacy of the settlement:

a.      A settlement is worthy of approval if the district court finds that it is "fair" and "adequate." *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).

b.      A class settlement is fair when it is "reached as a result of good faith bargaining at arm's length, without collusion." *Id*. at 159. In evaluating fairness, courts consider (1) the posture of the case at the time the settlement is proposed, (2) the extent of discovery conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the relevant area of class litigation. *Id*.

c.      The Court finds that these factors are satisfied here and thus the settlement is fair. The parties had litigated for years before reaching an agreement and had conducted mammoth discovery that included production of hundreds of thousands of pages of documents, forty-five subpoenas, fifteen sets of written discovery, and twenty-three depositions. The parties also briefed over thirty substantive motions, including motions to dismiss and summary judgment and retained experts to analyze electronic calling data. Counsel are experienced class action attorneys, with extensive experience in TCPA litigation, and retained a mediator experienced with TCPA cases to assist them in their settlement negotiations. The Court finds there is no evidence of collusion at all. To the contrary, resolution required multiple mediations and a thorough assessment of the strengths and weaknesses of the case. The Court finds that the settlement is, in fact, fair.

d.      The Court also finds that the settlement is adequate. In determining adequacy, the relevant considerations include: (1) the relative strength of the plaintiff's case on the merits, (2) the existence of any difficulties of proof or strong defenses plaintiff is likely to encounter if the case proceeds to trial, (3) the anticipated duration and expense of litigation, (4) the solvency of the defendant and likelihood of recovery of a litigated judgment, and (5) the degree of opposition to the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 158.

e.     The Court finds that these factors are satisfied. The settlement requires Monitronics to pay $28,000,000 into a Settlement Fund for the benefit of the Settlement Class. Class Counsel estimate that each Settlement Class Member who made a timely and valid claim will receive approximately $38, which is an amount in line with other TCPA settlements approved across the country. *See, e.g., In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (granting final approval where each class member would be awarded $39.66); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358 at *10 (N.D. Cal. Aug. 29, 2014) (discussing range of acceptable TCPA settlements and approving $20.00 to $40.00 per claimant); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493–94 (N.D. Ill. 2015) ($30); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, 2014 WL 1309352, at *6 (N.D. Cal. Mar. 10, 2014) (approving settlement with payments estimated to be between $20 and $40; actual payments were $46.98); *Markos v. Wells Fargo Bank, N.A.*, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (approving settlement that provides a cash award of approximately $24.00 per class member, calling the settlement an "excellent result"); *Adams v. AllianceOne Receivables Mgmt.,* No. 08-cv-248 (S.D. Cal. Sept. 28, 2012) ($9 million for 6,079,411 class members, *see* Dkt. Nos. 109 at 10, 116 at 6, and 137). *See also Manouchehri v. Styles for Less, Inc.*, Case No. 14cv2521 NLS, 2016 WL 3387473, at *2, 5 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher). The amount is particularly adequate considering Monitronics' motion for summary judgment was pending at the time the settlement was reached. The Court already properly dismissed two defendants from the action on summary judgment. Plaintiffs also faced the possibility that the Court would find the class not sufficiently cohesive to warrant class certification. Even if they certified the class, survived summary judgment, and achieved a judgment, Plaintiffs had to consider Monitronics' financial condition

as disclosed in publicly-filed documents of its parent company. At the time of the settlement, there were pending declaratory judgment actions as to whether there was even insurance coverage for the case. In addition, further litigation would have been lengthy and expensive. Although the parties had briefed summary judgment, class certification remained, as well as the time and expense of preparing for trial. Finally, there were only five objections to the settlement out of a class numbering in the millions.

   f.  In addition to her written objections, Objector Smith at the final approval hearing orally objected to the parties' citation to sealed documents in responding to her objections. Those documents included the papers filed in support of and in response to Monitronics' motion for summary judgment. The objection is overruled. In reaching its decision as to the fairness, adequacy, and reasonableness of this settlement, the Court did not rely on the cited materials. The Court recognized the existence of that motion and the Fourth Circuit's affirmance of its prior grant of summary judgment to two other defendants. Based on those factors alone, the Court concluded the Plaintiffs risked losing on the merits and that risk is a legitimate fact in evaluating the adequacy of the settlement.

   g.  Two objectors — Myrdis Foster and Catherine Smith — argue that more money could have been obtained for the Settlement Class. *See* Dkt. Nos. 1156, 1154. These objections are overruled. Although Settlement Class members theoretically could have obtained up to $1,500 per call if they had prevailed at trial, as noted above, Plaintiffs faced a serious risk that they would not prevail on the merits or only obtain nominal damages. And, if they had prevailed, they likely would not have been able to collect on a judgment in the hundreds of millions of dollars. The settlement provides Settlement Class members a payout in line with other TCPA settlements and it does so without the time, expense, and uncertainty of continued litigation. A

$38 recovery in the hand is better than a $500 or $1,500 recovery that must be pursued through the bankruptcy courts.

6.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> Any persons or entities within the United States who received, on or after May 18, 2007 through the date of entry of the Final Approval Order and Judgment, received a Telemarketing Call made by Monitronics, or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, or (b) to a residential telephone number through the use of an artificial or pre-recorded voice; or (c) to a cellular or residential number registered on the national Do Not Call Registry more than once within any twelve-month period.

7.      Under Rule 23, Jason Bennett, Philip J. Charvat, Scott Dolemba, Michael and Janet Hodgin, and Diana Mey are hereby appointed as Class Representatives and the following are hereby appointed as Class Counsel:

John W. Barrett
Jonathan R. Marshall
BAILEY & GLASSER LLP
209 Capitol St.
Charleston, WV 25301

Beth E. Terrell
Jennifer Rust Murray
TERRELL| MARSHALL LAW GROUP PLLC
936 N 34th Street, Suite 300
Seattle, WA 98103

Edward A. Broderick
Anthony I. Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

8.     With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement. None of the objectors objected to class certification.

9.     The Court finds that the notice to the Settlement Class was acceptable. The record shows that notice has been given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order. The Notice Plan consisted of emailed and mailed notice along with publication notice that was published in People, Better Homes and Gardens, and appeared in multiple online media campaigns. The Court finds that the notices disseminated pursuant to the Notice Plan fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10.     Ms. Smith objected that the notice was inadequate because it did not inform Settlement Class members of the amount of statutory damages available under the TCPA. Dkt.

- 7 -

No. 57 at 14. This objection is overruled. Courts require that notice of a settlement "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005). The Notice Plan here complies with the court-approved plan and fully apprised the Settlement Class of all material terms and their rights. In addition, the notices provided three telephone numbers for Settlement Class members to call if they had questions about the settlement. The Notice Plan thus complies with Rule 23 and due process and Ms. Smith's objection is overruled.

11.     The Court finds that Mr. Charles Rollman's objection to the claim form is not well taken and overrules it. The claim form that the Court approved in connection with preliminary approval does not contain onerous requirements such as requiring Settlement Class Members to "swear under penalty of perjury" that they received calls from a specific caller at a specific number. To submit a claim, Settlement Class Members simply had to certify that they believed they received calls from Monitronics. Such language deters fraudulent claims without discouraging valid claims.

12.     The Court finds that, on September 8, 2017, the Settlement Administrator properly and timely notified the appropriate state and federal officials of the proposed Settlement on behalf of the Parties, as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), and the Court has not received any objection to the Settlement Agreement. This Final Approval Order and Judgment is issued more than 90 days after such notice was served, as required by 28 U.S.C. § 1715(d), and, therefore, all Settlement Class Members who have not timely and validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

13. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. A list of the individuals who excluded themselves from the Settlement Class is attached as Exhibit A to this Order.

14. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15. Class Counsel, the Class Representatives, and the Settlement Class shall all be paid within 30 days after the Settlement's Effective Date. Class Counsel and the Class Representatives shall not be paid before the Settlement Class.

16. The Court dismisses Plaintiffs' claims against Monitronics with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. As of the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from any and all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected, or unsuspected, asserted or unasserted, foreseen or unforeseen actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that were alleged or could have been alleged in the Second Amended Master Consolidated Complaint that arise out of relate in any way to Telemarketing Calls received on or after May 18, 2007 through the date of entry of this Final

- 9 -

Approval Order and Judgment that were allegedly placed by Monitronics or a Monitronics Authorized Dealer, or an Authorized Dealer's lead generator or subdealer, (a) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or pre-recorded voice, (b) to a residential telephone number through the use of an artificial or pre-recorded voice, or (c) to a cellular or residential number registered on the national Do Not Call Registry and which received more than one such call within any twelve-month period, which are the Released Claims. Released Claims specifically do not extend to any claims Plaintiffs and Settlement Class Members may have against (1) Alliance Security, Inc., (2) Alarm.com or Authorized Dealers, subdealers, or lead generators of Alarm.com, (3) UTCFS, or (4) Honeywell. Released Claims also do not extend to any claims Plaintiffs and Settlement Class members may have arising from Debt Collection Calls.

18.     The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on the Released Parties, and each of them.

19.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

20.     The Court approves payment of attorneys' fees to Class Counsel in the amount of $8,300,000 together with out-of-pocket attorneys' expenses incurred in prosecuting the action of

$602,909. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Pursuant to Rule 23(h)(3) and 52(a), the Court makes the following findings of fact and conclusions of law regarding this fee award:

 a. It is appropriate to award fees as a percentage of the common fund established for the benefit of the Settlement Class. *Dijkstra v. Carenbauer*, No. 5:11–CV–00152, 2016 WL 6804980, at \*4 (N.D. W.Va. July 12, 2016) (approving settlement and attorneys' fee application in consumer class action); *see also Muhammad v. Nat'l City Mortg., Inc.*, 2:07-0423, 2008 WL 5377783, at \*6 (S.D. W.Va. Dec. 19, 2008) ("Where there is a common fund in a class settlement, application of a percentage method to calculate an attorney's fee award is now favored."); *Hoskins v. AB Resources, LLC*, 5:12–cv–78, 2014 WL 12756365, at \*3 (N.D. W. Va. Nov. 17, 2014) ("The contingent or percentage method is now the preferred method to be used in determining attorneys' fees in a class action case").

 b. The approved fee represents 29.6% of the Settlement Fund. The Court finds this amount reasonable considering the result Class Counsel obtained on behalf of the Settlement Class, negotiating a $28,000,000 settlement in a case involving substantial risk.

 c. The fee awarded is $1,000,000 less than the requested fee and thus provides another $1,000,000 to the Settlement Class.

 d. Class Counsel used their expertise in TCPA litigation to prosecute this case. Class Counsel dedicated over 12,000 hours of attorney and paralegal time to this case over the course of six years. Class Counsel reports that their lodestar is $6,177,571; however, the Court has reduced that lodestar to $6,091,573, eliminating all time reported by legal assistants.

 e. Class Counsel prosecuted this case on a "contingency" basis meaning there was no guarantee they would recover anything for their efforts.

   f. A lodestar crosscheck supports the requested fee. The $8,300,000 fee represents a modest 1.25 multiplier on Class Counsel's reduced $6,091,573 lodestar.

   g. The Court has considered Ms. Smith's and Ms. Latimore's objections to Class Counsel's requested fee and overrules them. Ms. Smith's complaint with the proposed attorneys' fee is that the Court should award only a lodestar fee, a contention that disregards the fact that the prevailing means of determining attorneys' fees in class actions is the percentage of common fund method, and that ignores both the value of and the risk inherent in pursuing contingent fee litigation. *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010) (vacating district court's decision to drastically reduce counsel's fee award and noting the district court's "chief error" was its failure to recognize the significance of the contingency fee). None of Ms. Smith's challenges are persuasive or rooted in Fourth Circuit precedent. The record here shows that Class Counsel took this case on a contingency basis and risked recovering nothing. To account for this risk, the Court awards counsel a 1.25 multiplier on their reduced lodestar. For the same reasons, the Court overrules Ms. Meloy's objection that Class Counsel should be awarded 20% of the Settlement Fund. The Court has reviewed cases from the Seventh Circuit applying a "sliding scale" and, as stated above, finds that the fee approved here comports with that methodology. The total award is a reasonable 29.6% of the Settlement Fund.

   21. After considering past awards and awards throughout the country, the Court approves the following Incentive Awards:

Jason Bennett: $6,000

Philip J. Charvat: $30,000

Scott Dolemba: $3,500

Michael and Janet Hodgin: $3,500

Diana Mey: $35,000

The Court specifically finds the Incentive Awards to be reasonable in light of the service performed by Plaintiffs for the class, as partial reimbursement for the costs and expenses they incurred as named Plaintiffs, and finally considering the substantial offers of judgment that each of them received and rejected. The Incentive Awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any Incentive Award will be reported as "other income" in Box 3 of Form 1099-MISC.

22.     The Court overrules Ms. Smith's objection to the Incentive Awards. Ms. Smith suggests that large service awards raise concerns that the plaintiffs might compromise the interest of the class for personal gain. The Court finds that this has not occurred here. The Class Representatives all rejected substantial offers of judgment to pursue claims on behalf of the class. In addition, there is no support in the record for Ms. Smith's suggestion that the Class Representatives sold out the class claims cheaply to get large Incentive Awards for themselves. The record shows that Class Counsel did not discuss Incentive Awards with the Class Representatives until they had a signed term sheet regarding relief for the Class. Finally, the Court overrules Ms. Smith's objection that the Class Representatives have not made the required showing that they are entitled to Incentive Awards. The Court finds that the Class Representatives have dedicated substantial time to the litigation by responding to discovery, sitting for depositions, and staying actively involved with the litigation.

23.     Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Monitronics or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or

invalidity of any claims in this Action or a determination of any wrongdoing by Monitronics or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or Monitronics.

24.     The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

Dated: June 11 , 2018

United States District Court

# EXHIBIT A

| FIRST | LAST |
|---|---|
| EUGENE | BENOIT |
| RONALD | BERGERON |
| WILLARD G | BLANCHARD |
| BRENDA | BOMBLATUS |
| CARRIE | BOYD |
| DOROTHY | BROWN |
| RUBY | COLCLASURE |
| DANIEL P | COUTU |
| THOMAS L | CURTH |
| VICTORIA | DIGUILIO |
| REBEKAH | STOLTZ |
| JANE | DUTKIEWICZ |
| LAURA | EARLLEY |
| DIXIE | LONG |
| VINCENT | FRONTINO |
| JAMES | GILES |
| PHILIP R | GINDI |
| MYRON | GTYNIEQICKI |
| JAN T | HAMMEL |
| LINDA | HELGESON |
| WILLIAM | KNIGHT |
| JAIRUS | LAWRENCE |
| MICHAEL | LOWRIE |
| LINDA | MATTHEWS |
| JOHN J | MAXWELL |
| JAMES | OSBORNE |
| LISA | PIERCE |
| DONALD | POLUSZEK |
| DUREEN | PROBST |
| JAMIE | PROFFITT |
| MONTA L | REDD |
| ARDITH | REGDON |
| NOREEN P | RUGGIERO |
| JUDITH | SANZENBACKER |
| BARBARA | STARR |
| REBECCA | STILES |
| DIANE | SUPPLE |
| ROBERT | THIBAULT |
| FLORENCE | URBAN |
| ROBERT L | WAGNER |
| MERRICE | PRIMACK |

| KATHY | BYRNE |
|---|---|
| JAN T | HAMMEL |
| NICK | HOFFMAN |
| AMARDEEO | KAUR |
| VINCENT | LUCAS |
| DIANNA | BERNARDO |
| DANIEL T | FUJII |
| LORRIE | IVINS |
| ALFRED | LAMBERT |
| NELIDA | RIVERA |
| VIRGINIA | SCHNEEGANS |
| MICHAEL C | WORSHAM |
| BEVERLY AND ROGER | CALVERT |
| PEARL CARTER | REYNOLDS |
| DADDY | EMERUEM |
| GLORIA | ODUNSI |
| JAMIE | STAATS |
| MARGARET | WENKER |
| ANTHONY DOMENIC | REO |
| PAUL D.S. | EDWARDS |
| JOYCE EILEEN | AVERY |
| JACQUELINE A | WARD |
| PATRICIA A | WILLIAMS |